IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMANDA CORL, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MICHAEL J. ASTRUE, )<br>COMMISSIONER OF )<br>SOCIAL SECURITY, )<br>)<br>Defendant. ) | Civil Action No. 07-324J |

MEMORANDUM JUDGMENT ORDER

AND NOW, this 16th day of March, 2009, upon due consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") denying plaintiff's application for disability insurance benefits under Title II of the Social Security Act ("Act"), IT IS ORDERED that the Commissioner's motion for summary judgment (Document No. 14) be, and the same hereby is, granted and plaintiff's motion for summary judgment (Document No. 10) be, and the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an obligation to weigh all of the facts and evidence of record and may reject or discount any evidence if the ALJ explains the reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). Where the ALJ's findings of fact are supported by substantial evidence, a reviewing court is bound by those

findings, even if it would have decided the factual inquiry differently. Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001). These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support the ALJ's findings and conclusions.

Plaintiff protectively filed her application for benefits on February 1, 2006, alleging a disability onset date of October 7, 2004, due to pain and numbness in her left leg, hip and foot, and fatigue. Plaintiff's application was denied initially. At plaintiff's request, an ALJ held a hearing on April 18, 2007, at which plaintiff, represented by counsel, appeared and testified. On May 25, 2007, the ALJ issued a decision finding that plaintiff is not disabled. On October 12, 2007, the Appeals Council denied review making the ALJ's decision the final decision of the Commissioner.

For purposes of plaintiff's application for benefits under Title II, the ALJ found that plaintiff last met the insured status requirements of the Act on March 31, 2007. As a result, plaintiff bears the burden of showing that she became disabled between her alleged onset dated of October 7, 2004, and the expiration of her insured status on March 31, 2007.[1]

---

[1] Plaintiff suggests that this case merits special attention because she will be unable to file another application as her insured status has expired, and thus the "stakes are raised" here. The stakes are high for all social security claimants and the court reviews each case with the same scrutiny and under the same standard, regardless of underlying circumstances.

Plaintiff was 50 years old at the time of the expiration of her insured status and at the time of the ALJ's decision and is classified as an individual closely approaching advanced age under the regulations. 20 C.F.R. §404.1563(d). Plaintiff has a high school education. She has past relevant work experience as a sales representative and a dental assistant, but she did not engage in any substantial gainful activity between her alleged onset date and her date last insured.

After reviewing plaintiff's medical records and hearing testimony from plaintiff and a vocational expert, the ALJ concluded that plaintiff is not disabled within the meaning of the Act. The ALJ found that although the medical evidence establishes that plaintiff suffers from the severe impairments of fibromyalgia, arthritis, residuals of a lumbar laminectomy and degenerative disc disease with spinal stenosis of the lumbar spine, those impairments, alone or in combination, do not meet or equal the criteria of any impairment listed at Appendix 1 of 20 C.F.R., Part 404, Subpart P.

The ALJ also found that plaintiff retains the residual functional capacity to engage in light work with certain restrictions recognizing the limiting effects of her impairments.[2] Relying on the testimony of a vocational expert, the ALJ concluded

---

[2] Specifically, the ALJ found that plaintiff has the residual functional capacity to perform light work activity limited to "occasional postural maneuvers such as balancing, stooping, kneeling, crouching, crawling and climbing ramps, stairs, ladders, ropes and scaffolds, overhead work and head movements." (R. 24).

that plaintiff is capable of performing her past relevant work of sales representative and dental assistant in light of her residual functional capacity. Accordingly, the ALJ determined that plaintiff is not disabled within the meaning of the Act.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment which can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §423(d)(1)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy ...." 42 U.S.C. §423(d)(2)(A).

The Commissioner has promulgated regulations incorporating a five-step sequential evaluation process for determining whether a claimant is under a disability.[3] 20 C.F.R. §404.1520; Newell v. Commissioner of Social Security, 347 F.3d 541, 545 (3d Cir. 2003). If the claimant is found disabled or not disabled at any step, the claim need not be reviewed further. Id.; see Barnhart v. Thomas, 124 S.Ct. 376 (2003).

---

[3] The ALJ must determine in sequence: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether she has a severe impairment; (3) if so, whether her impairment meets or equals the criteria listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) if not, whether the claimant's impairment prevents her from performing her past-relevant work; and (5) if so, whether the claimant can perform any other work which exists in the national economy, in light of her age, education, work experience, and residual functional capacity. 20 C.F.R. §404.1520. See also Newell, 347 F.3d at 545-46.

Here, plaintiff challenges the ALJ's finding that plaintiff retains the residual functional capacity to perform light work with restrictions and the resultant finding at step 4 that plaintiff is not disabled because her past relevant work is not precluded by her residual functional capacity. Specifically, plaintiff contends that in assessing her residual functional capacity, the ALJ improperly rejected the opinions from two of plaintiff's treating sources who opined that she can perform no more than part-time sedentary work. Upon review, the court is satisfied that the ALJ's findings are supported by substantial evidence.

At step 4, the ALJ is required to consider whether the claimant retains the residual functional capacity to perform her past relevant work. 20 C.F.R. §404.1520(e). Residual functional capacity is defined as that which an individual still is able to do despite the limitations caused by her impairments. 20 C.F.R. §404.1545(a); Fargnoli, 247 F.3d at 40. In assessing a claimant's residual functional capacity, the ALJ is required to consider the claimant's ability to meet certain demands of jobs, such as physical demands, mental demands, sensory requirements and other functions. 20 C.F.R. §404.1545(a).

Here, the ALJ found that, on her date last insured, plaintiff retained the residual functional capacity to perform light work activity with numerous restrictions accounting for plaintiff's impairments. (R. 24). In rendering her residual functional capacity finding, the ALJ adequately considered all of the

relevant evidence, both medical and non-medical, including plaintiff's actual activities of daily living, and ultimately determined that plaintiff retained the ability to perform light work with the enumerated restrictions during the relevant time period. (R. 24-28).

Plaintiff contends that the ALJ's finding is contrary to the opinions of Dr. Paronish, plaintiff's treating primary care physician, and of Dr. Shaw, plaintiff's treating rheumatologist. On an April 16, 2007, evaluation form and in an accompanying letter, Dr. Paronish opined that plaintiff is limited to "part time sedentary work." (R. 478). On a similar form dated April 20, 2007, Dr. Shaw indicated "yes" when asked if he agreed with Dr. Paronish's opinion that plaintiff is limited to part-time sedentary work. (R. 482). Plaintiff argues that the ALJ erred in not giving these opinions controlling weight.[4] Upon review, the court is satisfied that the ALJ's evaluation of these reports is supported by substantial evidence.

---

[4] Plaintiff contends that if the ALJ had accepted the opinions of her treating physicians, she would be disabled as a matter of law pursuant to the Medical-Vocational Guidelines ("grids"). The grids set out various combinations of age, education, work experience and residual functional capacity and direct a finding of disabled or not disabled for each combination. See 20 C.F.R. Part 404, Subpart P, Appendix 2. When the four factors in a claimant's case correspond exactly with the four factors set forth in the grids, the ALJ must reach the result the grids reach. Sykes v. Apfel, 228 F.3d 259, 263 (3d Cir. 2000); 20 C.F.R. §404.1569. While it is true that an individual of plaintiff's age, education and work experience with a residual functional capacity for sedentary work would be disabled as a matter of law under grid rule 201.14, the evidence in this case supports the ALJ's finding that plaintiff could perform light work with restrictions. Accordingly, grid Rule 201.14 is inapplicable.

Under the Social Security Regulations and the law of this circuit, opinions of treating physicians are entitled to substantial, and at times even controlling, weight. 20 C.F.R. §404.1527(d)(2); Fargnoli, 247 F.3d at 33. Where a treating physician's opinion on the nature and severity of an impairment is well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record, it will be given controlling weight. Id. However, when a treating source's opinion is not entitled to controlling weight, it is evaluated and weighed under the same standards applied to all other medical opinions, taking into account numerous factors including the opinion's supportability, consistency and specialization. 20 C.F.R. §404.1527(d).

Here, the ALJ adhered to the foregoing standards in evaluating the medical evidence and the court finds no error in the ALJ's conclusions. The ALJ expressly addressed the opinions of both Dr. Paronish and Dr. Shaw and explained why she did not give those opinions significant weight. As to Dr. Paronish's opinion that plaintiff is limited to part-time sedentary work, the ALJ noted that she was giving little weight to that conclusion because it appeared to be based more on plaintiff's reports as to her own limitations rather than upon Dr. Paronish's own observations and clinical findings. (R. 26-27). The ALJ also explicitly addressed Dr. Shaw's concurrence with Dr. Paronish's conclusion, but noted that it too was not entitled to great or

AO 72
(Rev. 8/82)

controlling weight because plaintiff's "actual daily activities show a higher level of functioning than Dr. Shaw's opinion indicates." (R. 27).

The record clearly supports the ALJ's evaluation of the foregoing medical evidence. First, the opinion of a physician, treating or otherwise, on the issue of what an individual's residual functional capacity is or on the ultimate determination of disability never is entitled to special significance. 20 C.F.R. §404.1527(e); SSR 96-5p.

Here, based upon her review of the <u>entire</u> record, the ALJ concluded that plaintiff's impairments, while severe, do not preclude her from performing anything but part-time sedentary work as suggested by Dr. Paronish and Dr. Shaw. As explained by the ALJ, those opinions are not supported by the objective medical evidence, including the observations and clinical findings of the treating sources themselves, or by the evaluation of the evidence by the state agency medical consultants[5], who opined plaintiff could perform light work activity. (R. 28).

Of particular import in this case, the ALJ further noted that plaintiff's activities of daily living, as summarized by the ALJ in her decision, "demonstrate a level of exertion above the

---

[5] Pursuant to the Regulations, state agency psychological consultants are "highly qualified ... psychologists who are also experts in Social Security disability evaluation." 20 C.F.R. §404.1527(f)(2)(i). Accordingly, while not bound by findings made by reviewing psychologists, the ALJ is to consider those findings as opinion evidence, and is to evaluate them under the same standards as all other medical opinion evidence. 20 C.F.R. §404.1527(f)(2)(ii); SSR 96-6p.

sedentary level." (R. 28). Pursuant to SSR 96-2p, "a treating source's medical opinion on what an individual can still do despite his or her impairments will not be entitled to controlling weight if substantial, non-medical evidence shows that the individual's actual activities are greater than those provided in the treating source's opinion." In this regard, the ALJ emphasized that the opinions of Dr. Paronish and Dr. Shaw appeared to be based more on plaintiff's subjective complaints of her limitations than on her actual daily activities.[6] As a result, the ALJ did not err in not giving the treating source opinions controlling, or even significant, weight. SSR 96-2p; 20 C.F.R. §404.1527(d).

The ALJ did a thorough job in addressing the relevant medical evidence and explaining why she gave little or lesser weight to the opinions of Dr. Paronish and Dr. Shaw. (R. 25-28). Because those opinions are inconsistent with other substantial evidence in the record, including the objective medical findings, plaintiff's progress notes, and plaintiff's own daily activities, those opinions are not entitled to controlling weight. The court has reviewed the ALJ's decision and the record as a whole and is convinced that the ALJ's evaluation of the medical evidence, and resultant residual functional capacity finding, are supported by substantial evidence.

---

[6] The ALJ found that plaintiff's statements concerning the intensity, persistence and limiting effects of her symptoms "are not entirely credible." (R. 25). Plaintiff does not challenge the ALJ's credibility finding on appeal to this court.

After carefully and methodically considering all of the medical evidence of record and plaintiff's testimony, the ALJ determined that plaintiff is not disabled within the meaning of the Act. The ALJ's findings and conclusions are supported by substantial evidence and are not otherwise erroneous. Accordingly, the decision of the Commissioner must be affirmed.

Gustave Diamond
United States District Judge

cc: Karl E. Osterhout, Esq.
1789 S. Braddock Ave., Suite 570
Pittsburgh, PA 15218

John J. Valkovci, Jr.
Assistant U.S. Attorney
Penn Traffic Building, Room 224
319 Washington Street
Johnstown, PA 15901